UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE ELLIS,<br><br>             Petitioner,<br><br>      v.<br><br>MARTIN BITER,<br><br>             Respondent. | No.  1:17-cv-01443-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING PETITION FOR WRIT OF HABEAS CORPUS<br><br>(Doc. No. 31) |

Petitioner Robert Lee Ellis is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 30, 2020, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for federal habeas relief be denied on the merits.  (Doc. No. 31.)  Specifically, the magistrate judge found that each of the four grounds for federal habeas relief asserted in petitioner's pending petition—(1) that the trial court violated his constitutional rights when it denied his motion for a new trial due to juror misconduct; (2) that the trial court violated his constitutional rights when it failed to give an imperfect self-defense jury instruction; (3) that the trial court's supplemental jury instruction was coercive, violating petitioner's

1

1  constitutional rights; and (4) that the cumulative effect of the trial court errors warranted the
2  granting of relief—all fail on their merits. (*Id*. at 5–6, 17.) Those findings and recommendations
3  were served on all parties and contained notice that any objections thereto were to be filed within
4  fourteen (14) days from the date of service. (*Id*. at 17.) No objections have been filed and the
5  time in which to do so has now passed.

6       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this
7  court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the
8  court finds the findings and recommendations to be supported by the record and proper analysis.

9       Having found that petitioner is not entitled to habeas relief, the court now turns to whether
10 a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no
11 absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed
12 under certain circumstances. 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336
13 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district
14 court issue or deny a certificate of appealability when entering a final order adverse to a
15 petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th
16 Cir. 1997). If, as here, a court denies a petition for a writ of habeas corpus, the court may only
17 issue a certificate of appealability when "the applicant has made a substantial showing of the
18 denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the
19 petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree
20 that) the petition should have been resolved in a different manner or that the issues presented
21 were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,
22 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Here, petitioner has not made
23 such a showing. Therefore, the court declines to issue a certificate of appealability.
24 /////
25 /////
26 /////
27 /////
28 /////

Accordingly,

1. The findings and recommendations issued on March 30, 2020 (Doc. No. 31) are adopted in full;
2. This petition for writ of habeas corpus (Doc. No. 1) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **April 27, 2020**

UNITED STATES DISTRICT JUDGE

3